**In re PERROTTO REFRIGERATION, INC., Debtor.**

**APPLIANCE BUYERS CREDIT CORP., Plaintiff,**

v.

**PERROTTO REFRIGERATION, INC. and Bank of Pennsylvania, Defendants.**

Bankruptcy No. 83–01029 T.
Adv. No. 83–1408.

United States Bankruptcy Court, E.D. Pennsylvania.

April 5, 1984.

Kenneth F. Carobus, Philadelphia, Pa., for plaintiff.

George J. Shoop, Reading, Pa., for defendant, Bank of Pennsylvania.

Barbara Casey, Reading, Pa., for debtor.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, which was brought by the plaintiff pursuant to Section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), the only disputed issue is which of two secured creditors has the priority security interest in the proceeds of the Chapter 11 debtor's sale of certain of its inventory collateral. For the reasons hereinafter given, we find that the plaintiff has the priority security interest therein. Based upon this finding and based upon certain agreements between the plaintiff and the debtor contingent, in part, on such a finding, we shall order the relief described *infra.*[1]

### I. FACTS

Defendant Bank of Pennsylvania (hereinafter "Bank") acquired a valid nonpurchase money security interest in all of the debtor's inventory and accounts receivable, present and future, and the proceeds thereof. Subsequently, the plaintiff acquired a valid purchase money security interest in the inventory of the debtor which the plaintiff financed, as well as in the proceeds from the sale of such inventory.

The plaintiff has not received payment from the debtor for six items (three ice bins and three ice machines) which were purchased by the debtor subject to the plaintiff's purchase money security interest. These six items were purchased prior to the debtor's filing of its Chapter 11 bankruptcy petition in our Court on March 11, 1983.

After the debtor's bankruptcy filing, the debtor sold the aforementioned three ice bins to a third party for $2,150.00. This money was deposited in a bank account which the debtor describes as a debtor-in-possession operating account. No other money has ever been placed in this account. However, without Court approval, the debtor has spent all but approximately $500.00 from this account for various operating expenses.

Also after the debtor's bankruptcy filing, the debtor sold one of the aforementioned ice machines to a different third party for $1,050.00. This money was put into a separate bank account, which the debtor describes as a debtor-in-possession account. No other money has ever been deposited in this account, and none of the $1,050.00 has been withdrawn.

The other two aforementioned ice machines have not been sold and remain in the debtor's possession.

It is undisputed that the security interests of both the plaintiff and the Bank have been, and are, still perfected in accordance with Pennsylvania law.

### II. DISCUSSION

The determinative issue in this case, as recognized by all of the parties, is whether the plaintiff or the Bank has the priority security interest in the proceeds of the sales of the three ice bins and the one ice machine. The Bank asserts no priority security interest in the two ice machines remaining in the debtor's possession because the Bank concedes that the plaintiff's security interest has priority therein. The Bank's position in this regard is correct because the plaintiff has complied with the perfection and notification requirements of the Pennsylvania version of the Uniform Commercial Code. See the former 13 Pa.C.S.A. § 9312(c), Act 1979, Nov. 1, P.L. 255, No. 86, § 1, effective January 1, 1980, which states:

> (c) Purchase money security interest in inventory.—A purchase money security interest in inventory collateral has priority over a conflicting security interest in the same collateral if:
>
> (1) the purchase money security interest is perfected at the time the debtor receives possession of the collateral;

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

(2) any secured party whose security interest is known to the holder of the purchase money security interest or who, prior to the date of the filing made by the holder of the purchase money security interest, had filed a financing statement covering the same items or type of inventory, has received notification of the purchase money security interest before the debtor receives possession of the collateral covered by the purchase money security interest; and

(3) such notification states that the person giving the notice has or expects to acquire a purchase money security interest in inventory of the debtor, describing such inventory by item or type.[2]

With regard to the aforementioned proceeds, the dispositive provision of the Pennsylvania version of the Uniform Commercial Code is the former 13 Pa.C.S.A. § 9306, Act 1979, Nov. 1, P.L. 255, No. 86, § 1, effective January 1, 1980, which states, in relevant part:

(a) "Proceeds" includes whatever is received when collateral or proceeds is sold, exchanged, collected or otherwise disposed of....

(b) Except where this Article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.

(c) The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security interest and becomes unperfected ten days after receipt of the proceeds by the debtor unless

(1) a filed financing statement covering the original collateral also covers proceeds; or

(2) the security interest in the proceeds is perfected before the expiration of the ten day period....[3]

From our consideration of all of the foregoing, including our reading of § 9312(c) in conjunction with § 9306, it is clear that the plaintiff's security interest has priority over the Bank's security interest in the sales proceeds if those proceeds are "identifiable proceeds" within the meaning of § 9306(b). We hold that they are, indeed, "identifiable proceeds".

As indicated *supra*, the record shows that a separate bank account was established by the debtor with regard to each of the two sales. Into each account was deposited only the proceeds of each particular sale. Therefore, the proceeds remaining in each account are "identifiable proceeds" from the sale of collateral subject to the plaintiff's purchase money security interest. The fact that the debtor spent some of the proceeds in one of the accounts in no way alters our conclusion. Thus, we hold that the plaintiff's security interest in the disputed proceeds has priority over the Bank's security interest therein.

The Bank's argument to the contrary is premised, in large part, upon its assumption that the present § 9312(c) applies to certain aspects of the priority issue. However, Section 6 (Transition provisions as to priorities) of Act 1982, Nov. 26, P.L. 696, No. 201, states, in pertinent part:

"[T]he provisions of Title 13 of the Pennsylvania Consolidated statutes (relating to Commercial Code) in effect prior to the effective date of this act shall apply to any questions of priority if the positions of the parties were fixed prior to the effective date of this act."

---

**2.** The present 13 Pa.C.S.A. § 9312(c), as amended by Act 1982, Nov. 26, P.L. 696, No. 201, § 1, effective in 180 days, is not applicable to this case. See §§ 2 through 6 of Act 1982, Nov. 26, P.L. 696, No. 201, and the discussion *infra*.

**3.** The present 13 Pa.C.S.A. § 9306, as amended by Act 1982, Nov. 26, P.L. 696, No. 201, § 1, effective in 180 days, is not applicable to this case. See §§ 2 through 6 of Act 1982, Nov. 26, P.L. 696, No. 201.

In the present case, it is undisputed that the security interests of both the plaintiff and the Bank were acquired and perfected well before the May 25, 1983 effective date of the present § 9312(c). Therefore, the above-quoted former § 9312(c) governs the priority issue in this case.

The Bank also argues that the case of *Bigelow-Sanford, Inc. v. Security-Peoples Trust Co.*, 31 U.C.C.Rep. 1477 (Court of Common Pleas, Erie Co., Pa.1981), *aff'd*, 304 Pa.Super. 167, 450 A.2d 154, 34 U.C.C. Rep. 1421 (1982), should lead us to a different result on the priority issue. However, we completely agree with the plaintiff that both the Common Pleas Court and the Superior Court merely held in *Bigelow-Sanford* that a purchase money security interest holder in inventory and proceeds must comply with the notification requirements of the former § 9312(c) in order to establish the priority of its security interest in inventory proceeds over that of a prior secured creditor whose security interest encompassed proceeds and accounts receivable. In the present case, as stated *supra*, the Bank concedes that the plaintiff has complied with the perfection and notification requirements of § 9312(c). Therefore, *Bigelow-Sanford*, if anything, supports our holding in this case.[1]

The debtor has agreed to pay the remaining proceeds of the two sales to whichever secured creditor the Court determines to have a priority security interest in them. Therefore, we shall order the debtor to pay those proceeds to the plaintiff.

The debtor and the plaintiff have agreed that the debtor shall immediately pay to the plaintiff the proceeds of its intended future sales of the two ice machines still remaining in the debtor's possession.[5] We shall also order that this be done.

4. The Bank also argues that the proceeds of the two sales should be considered accounts receivable of the debtor, contending that the sales were not cash sales. If so, the Bank continues, the Bank's security interest would prevail because it covers accounts receivable while the plaintiff's security interest does not. However, even assuming *arguendo* that the proceeds are accounts receivable (which is debatable), such a finding could in no way affect our conclusion that the sales proceeds are still "identifiable proceeds" pursuant to § 9306(b).

5. The Bank has properly asserted no interest therein in the present action.